## STATE OF FLORIDA v CRAMASTA

### Appeal No. 85-0089AC10 (County Court Case No. 85-10347MM10A)

Seventeenth Judicial Circuit, Broward County

August 15, 1988

### APPEARANCES OF COUNSEL

**Michael J. Satz** State Attorney, **James P. McLane** Assistant State Attorney, for appellant.

**Hilliard Moldof** for appellee.

### OPINION OF THE COURT

LAWRENCE L. KORDA, Circuit Judge.

The facts of the case follow: The Defendant was arrested for disorderly intoxication and resisting arrest without violence. The Defendant/Appellee filed a motion to dismiss pursuant to 3.190(d) *Florida Rules of Criminal Procedure* stating that the information filed did not establish a Prima Facie case. The Appellant filed a timely traverse and specifically denied certain factual allegations. The trial court found for the Appellee stating that the Appellant/State did not properly traverse the motion to dismiss because Appellant did not specifically deny the

allegations contained in the motion. The Appellant has now appealed on the ground that the traverse was proper.

The Appellants correctly assert they specifically denied factual allegation in the motion to dismiss. *State v News Press Pub. Co.,* 338 So.2d 1313, 1318 (Fla. 4th DCA 1976) states that 3.190 *Florida Rules of Criminal Procedure* "does not require the State to allege any facts which negate the factual matters set forth in the motion to dismiss. The State must nevertheless, when it purports to deny material facts, deny those facts with specificity." In the case sub judice the Appellant specifically denied certain allegations by referring to them by number and stating what the Appellant believes happened. This traverse does place the material facts of the allegations in dispute. Therefore, the motion to dismiss should be denied.

Secondly, the Appellee contends that the Stat did not file the traverse in good faith. The Appellee is correct in citing case law that states that a traverse of a motion to dismiss must be filed in good faith. But, the Appellee does not support this conclusion with any facts, just with case law. Therefore, the court cannot consider this allegation because, as the Appellee points out earlier, conclusion without factual support should not be considered by this court.

Therefore, the Appellant's traverse of the motion to dismiss is proper and the motion should be denied. This case is remanded to the trial court for further proceedings.

Reversed and Remanded.